UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
DURHAM DIVISION

IN THE MATTER OF:                )         Case No: B-0981490 C-13D
**DAVID A. PORTILLO,**            )
**YANETH PORTILLO,**             )
                                                )
        Debtor(s)             )
_____)

## OBJECTION BY STANDING TRUSTEE TO CONFIRMATION OF PLAN

NOW COMES Richard M. Hutson, II, Standing Trustee ("Trustee") and respectfully objects to confirmation of the Debtor's plan pursuant to 11 U.S.C. §1325 and shows unto the Court the following:

1. The Debtors filed a petition under Title 11 of the United States Code, Chapter 13, on August 31, 2009, in the United States Bankruptcy Court for the Middle District of North Carolina.

2. On August 31, 2009, Richard M. Hutson, II, was appointed as Trustee.

3. This Court has proper and personal jurisdiction of the subject matter hereof and over the parties pursuant to 28 U.S.C. §§151, 157 and 1334, and the Standing Order entered by the United States District Court for the Middle District of North Carolina and this is a core proceeding within 28 U.S.C. §157(b).

4. The petition filed by the Debtors proposes a monthly plan payment of $99.00 for a period of at least 36 months. There is no estimated return to general unsecured creditors. The Debtors list unsecured debt of approximately $78,976.69 in Schedule "F" consisting primarily of credit card debt.

5. The Debtors own two (2) vehicles as follows: (a) a 1990 Honda, having a fair market value of $1,080.00, subject to a lien in favor of GTI in the approximate amount of $4,000.00; and (b) a 2005 Ford, having a fair market value of $12,600.00, subject to a lien in favor of SunTrust in the approximate amount of $12,363.00. The respective secured creditors have not filed claims as of the filing of this Motion and the Trustee has no knowledge of the interest rate or terms associated with the loans.

6. The Debtors' plan provides for the payment of the vehicle claims directly to the lienholders, GTI Auto Exchange ("GTI") and SunTrust. The claim of GTI is grossly undersecured.

1

7. The Trustee objects to confirmation of the Debtors' plan in that the plan was not proposed in good faith pursuant to 11 U.S.C. §1325(a)(3). The plan is chiefly a means of financing the Debtors' attorney fees and imposes an administrative burden on the Trustee while paying no dividend to unsecured debts of approximately $78,976.69. Assuming the Debtors do not convert this case upon completion of disbursements to their counsel, and remain in the plan for 36 months, the Trustee will receive approximately $213 for administration of this case. Chapter 13 plans, such as this one, tend to shift a greater portion of the administrative costs of the Trustee's Office to other cases with more substantial payments.

8. The Trustee objects to confirmation of the Debtors' plan in that the plan was not proposed in good faith pursuant to 11 U.S.C. §1325(a)(3). During the administration of this case, the Trustee's Office will likely be required to devote some administrative time to the secured creditors, e.g., receive and docket secured claims, monitor insurance coverage, respond to the secured creditors' requests, both written and telephonic, and possibly issue storage notices in the event there is a lapse in insurance coverage. In providing that all secured creditors be paid directly, the Debtors' plan does not provide adequate compensation to the Trustee for these tasks.

9. The Trustee objects to confirmation of the Debtors' plan in that the plan was not proposed in good faith pursuant to 11 U.S.C. §1325(a)(3). The Debtors propose to pay the claim of GTI secured by the 1990 Honda directly, notwithstanding that the claim of GTI is grossly undersecured and valuation of the Honda and payment of the claim through the plan would result in lower payments on the GTI claim and more potential income for unsecured creditors.

10. The Trustee objects to confirmation of the Debtors' plan in that the plan was not proposed in good faith pursuant to 11 U.S.C. §1325(a)(3). The Debtors' plan, with a minimal payment of $99.00 per month, allows the Debtors to essentially pay their counsel, pay selected secured claims directly, unfairly discriminate against the unsecured class of creditors and pay nothing to general unsecured claims, while enjoying the full benefit of Chapter 13 relief and protection of the Bankruptcy Court.

WHEREFORE, the Trustee prays the Court for an Order as follows:

1. That the Debtors' plan not be confirmed in that the plan does not comply with the provisions of the Bankruptcy Code, specifically 11 U.S.C. §1325(a)(3) and the case be dismissed for cause pursuant to 11 U.S.C. §1307;

2. That, in the alternative, the Debtors' plan be modified to provide for the payment of the automobile claims of GTI and Suntrust through the Trustee's office and the plan payment be increased to accommodate said claims; or

3. For such other and further relief as the Court may deem just or proper.

This the 4th day of November, 2009.

        s/Benjamin E. Lovell
        Benjamin E. Lovell
        Attorney for the Trustee
        State Bar No: 23266
        P.O. Box 3613
        Durham, N.C. 27702
        Telephone: (919) 688-8065

## CERTIFICATE OF SERVICE

This is to certify that I have this day served a copy of the foregoing document upon John T. Orcutt, Esq., 6616-203 Six Forks Rd., Raleigh, NC 27516, David & Yaneth Portillo, 404 Lakeview Rd., Durham, NC 27712, and Michael D. West, Esq., U.S. Bankruptcy Administrator, PO Box 1828, Greensboro, NC 27402 by depositing a copy of same in the United States Mail, postage prepaid, and in the manner prescribed by Rule 5 of the Federal Rules of Civil Procedure.

This 16th day of January, 2009.

        s/Benjamin E. Lovell
        Benjamin E. Lovell, Esq.
        Attorney for the Standing Trustee