UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF NORTH CAROLINA
DURHAM DIVISION

IN THE MATTER OF:              )
                               )
**DAVID A. PORTILLO,**         )   Case No. B-0981490 C-13D
**YANETH PORTILLO,**           )
                               )
        Debtors.             )
_____ )

## TRUSTEE'S MEMORANDUM OF LAW IN SUPPORT OF OBJECTION TO CONFIRMATION OF PLAN

### I. STATEMENT OF THE FACTS

The Debtors filed for relief under Chapter 13 of Title 11 of the United States Code in the United States Bankruptcy Court for the Middle District of North Carolina ("the Court") on August 31, 2009 ("the Petition Date"). The Debtors proposed a plan with payments of $99.00 per month for a period of at least 36 months. According to the Debtors' schedules, there is approximately $78,976.69 of unsecured debt, consisting primarily of credit card debt. The Debtors have proposed no meaningful return to unsecured creditors.

The Debtors are the owners of two vehicles, a 1990 Honda ("the Honda") and a 2005 Ford ("the Ford"). The Honda is valued at $1,080.00 with a lien in favor of GTI in the amount of $4,000.00; therefore, the claim of GTI is undersecured. The Ford is valued at $12,600.00 with a lien in favor of SunTrust in the amount of $12,363.00. The Debtors' plan provides that they be the disbursing agent on the vehicle claims of GTI and SunTrust.

## II. ISSUE PRESENTED

A. SHOULD THIS COURT, OVER THE OBJECTION OF THE TRUSTEE, CONFIRM THE DEBTORS' CHAPTER 13 PLAN THAT PROVIDES FOR THE DIRECT PAYMENT BY THE DEBTORS OF THE VEHICLE CLAIMS OF GTI AND SUNTRUST?

ANSWER: NO

## III. ANALYSIS OF THE ISSUES PRESENTED

Chapter 13 of the Bankruptcy Code, 11 U.S.C. §§1301-1330, permits individuals with regular income to propose a plan providing for the repayment of all or a portion of claims against the debtor out of the debtor's future income. Section 1326 of the Code determines when and how payments are to be made in a Chapter 13 proceeding. As explained by the Seventh Circuit Court of Appeals:

> "The Bankruptcy Code contemplates that the debtor and/or his employer will typically transmit the specified portion of the debtor's future income to a Chapter 13 trustee charged with disbursing the monies to creditors pursuant to the plan. This notion is reflected in section 1326(c), which provides that '[e]xcept as otherwise provided in the plan or in the order confirming the plan, the trustee shall make payments to creditors under the plan.'"

In re Aberegg, 961 F.2d 1307, 1309 (7th Cir. 1992).

Based upon a plain reading of §1326(c), Congress clearly envisioned "the possibility of direct disbursements 'under the plan' by the Chapter 13 debtor." In re Barber, 191 B.R. 879 (D. Kan. 1996)(quoting Matter of Foster, 670 F.2d 478, 486 (5th Cir. 1982). However, many courts have held that the language of §1326(c) creates a presumption in favor of payments through the trustee. See In re Carey, 402 B.R. 327, 331 (Bankr. W.D. Mo. 2009); Barber at 885 ("[n]onetheless, §1326(c) makes it clear that the Chapter 13 trustee is normally to make distributions to creditors of the payments

made under the plan by the debtor"). Deviation from the general rule that disbursements to creditors come through the trustee should only be considered when a debtor can demonstrate a significant reason for doing so. Barber at 885 (quoting In re Gregory, 143 B.R. 424, 427 (Bankr. E.D. Tex. 1992)). Whether a debtor is allowed to act as a disbursing agent for the treatment of a particular claim in a Chapter 13 case is a matter resting within the sound discretion of the Court and, in the face of an objection, it is the duty of the debtor to establish sufficient cause for the application of the exception. In re Sanford, 390 B.R. 873, 879 (E.D. Tex. 2008).

Applying the foregoing standards to the case at bar, Mr. and Mrs. Portillo are not able to rebut the presumption in favor of disbursements to the vehicle creditors through the Trustee. Upon information and belief, neither vehicle loan is cosigned; therefore, disbursement of the claims through the Trustee's office probably affords the Debtors a better interest rate and monthly payment than direct disbursement of claims by the Debtors. Direct disbursement of the GTI claim, in particular, makes little sense in light of the fact that the claim is grossly undersecured and, if paid through the Trustee, may be subject to bifurcation. The payment in full of the undersecured portion of GTI's claim in contrast to no recovery by general unsecured claims under the Plan is unfairly discriminatory to unsecured claims and not proposed in good faith.

There are additional reasons that weigh against direct disbursement of the vehicles claims by the Debtors, all of which involve the administrative burden to the Trustee. The plan is chiefly a means of financing the Debtors' attorney fees. If the Debtors do not convert this case before the expiration of the 36 month applicable commitment period, the Trustee stands to receive approximately $213.00 for

administration of this case.  This amount will not cover the Trustee's time and expense of monitoring insurance coverage, responding to the creditors' requests, both written and telephonic, receiving and docketing claims, potentially issuing storage notices for lack of insurance, etc.

Additionally, the Trustee is required by this Court to file a "Notice of Completion of Chapter 13 Plan" at the Debtors' successful completion of this Plan, wherein the Trustee must certify that "creditors have been treated according to the terms of the confirmed Plan and other orders of the Court."  Absent the Trustee's control of receipts and disbursements, the Trustee will not be in a position to make this certification as it is beyond the Trustee's administrative capability to monitor direct payments to Suntrust and GTI.

Furthermore, the Trustee is generally concerned with the ever-increasing surge of $99/month plans in this District.  Plans such as these tend to shift a greater portion of the administrative costs of the Trustee's Office to debtors with more substantial plan payments, which is certainly not equitable for them.  A steady and continuous rise in $99/month plans has the potential of also requiring an overall percentage increase in the Trustee's commission, thereby making Chapter 13 cases more expensive for all debtors.

**IV.    CONCLUSION**

For the above-mentioned reasons, the Trustee is opposed to the direct payment of the Portillos' vehicle claims and respectfully requests that confirmation of their Chapter 13 Plan be denied.  The payment of vehicle loans through the Trustee is a well-established practice in this District and should continue to be upheld.  In this case, the Debtors have crafted a plan to circumvent the Trustee's commission while still guaranteeing payment

of their counsel's fees. The Debtors' Plan is not a plan to benefit creditors, only to benefit counsel and engage the services of the Trustee, possibly through the implementation of a wage garnishment, to act as a collection agent for counsel. Allowing the Debtors to act as the disbursing agents on vehicle claims will undermine and endanger the operation of the Chapter 13 program. The integrity of the Chapter 13 program requires the receipt of the Trustee's statutory commission to continue its operations. The Plan before this Court is a clear abuse of the intent and purpose envisioned by Congress in creating and maintaining the Chapter 13 program.

This the 2nd day of December, 2009.

                                          s/Benjamin E. Lovell
                                          Benjamin E. Lovell
                                          Attorney for the Trustee
                                          P.O. Box 3613
                                          Durham, N.C. 27703
                                          State Bar No. 23266
                                          Telephone No. (919) 688-8065

PARTIES IN INTEREST
Page 1 of 1
09-81490 C-13D

Richard M. Hutson, II
Standing Trustee
Post Office Box 3613
Durham, NC 27702-3613

Edward C. Boltz, Esq.
1738-D Hillandale Rd.
Durham, NC 27705

Michael D. West, Esq.
US Bankruptcy Administrator
PO Box 1828
Greensboro, NC  27402